IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:05:CR 149 |
| | | Judge Thomas M. Rose |
| v. | : | |
| | | THE UNITED STATES' |
| MOHAMMAD RADWAN OBEID | : | SENTENCING MEMORANDUM |

The United States, by counsel, respectfully submits this Sentencing Memorandum for the Court's consideration.

## INTRODUCTION

1. On December 29, 2005, defendant MOHAMMAD RADWAN OBEID pled guilty to a single count Indictment filed herein on October 25, 2005. This Indictment charged him with Making a Material False Statement in violation of 18 U.S.C. §1001. No written plea agreement was entered into by the parties. The parties do agree that the maximum statutory punishment in this case is: five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. On March 13, 2006 the U.S. Probation Office published its final pre-sentence investigative report (PSI). It calculated the defendant's total offense level as 4 with a Criminal History Category of III. This established a recommended U.S.S.G. sentencing range of 0-6 months. The PSI recommended that defendant receive a sentence of 6 months.

2. On December 29, 2005, the Government filed a motion seeking a sentencing hearing to present evidence pursuant to 18 U.S.C. §3553(a), *United States v. Booker*, – U.S. –, 125 S. Ct. 738 (2005), and §1B1.3 U.S.S.G.

1

3. Evidentiary sentencing hearings were conducted on January 18, April 4, and May11, 2006. At the initial evidentiary, the Government called Laura Girolamo, a Troy Public Library Reference Librarian, and David A. Vazquez, a Norfolk, VA Policeman as witnesses. At the second hearing, the Government called FBI SA s Tim Shaw and Jeff Colburn. At the final hearing, the Government recalled SA Colburn, and called DCIS SA Mark Pohl. The Government also introduced 8 exhibits. The defense called no witnesses, and presented no exhibits.

4. On June 9, 2006, the Court convened a conference with both parties present to discuss certain sentencing issues. At this conference the Court advised both parties that it was contemplating a sentencing departure from the recommended sentencing guideline calculations that were contained in the PSI. The specific upward adjustment under consideration was § 3A1.4 which concerns terrorism related felonies.

## LAW

Pursuant to Federal Rule of Procedure 32(h):

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

See also *Burns v. United States*, 501 U.S. 129 (1991).

2

In a *Pre-Booker* case, the Sixth Circuit held that "[i]n deciding whether to depart the sentencing court must determine whether the factors possibly warranting departures are forbidden, encouraged, or discouraged by the Sentencing Commission as factors upon which to base a departure." *United States v. Yang*, 281 F.3d 534, 545, (6th Cir. 2002), citing *United States v. Coleman*, 188 F.3d 354, 358 (6th Cir.1999) (en banc). If the sentencing court determines that those factors are permissible and warrant a departure, the court must also provide a statement of reasons sufficiently detailed to permit review of reasonableness of the departure in light of the grounds for it." *United States v. Crouse*, 145 F.3d 786, 789 (6th Cir.1998).

On February 1, 2006, the United States submitted to this Court a Sentencing Memorandum in Response to the Defense Motion to Preclude. The United States respectfully requests that said memorandum be considered a timely and formal objection under Federal Rule of Procedure 32(f)(1) to the recommendations contained in the Initial PSI filed on January 31, 2006. This memorandum stated in part at pages 4-5:

> In *United States v. Graham*, 327 F.3d 460, 462-63, (6th Cir. 2003), consideration of the §3A1.4(a), U.S.S.G. terrorism enhancement was approved in a situation where there was no specific statutory increase provided. The Guideline enhancement is a completely separate and distinct analysis from any statutory enhancement. Application Note 2 to §3A1.4, U.S.S.G. states in part " [f]or purposes of this guideline, an offense that involved . . . obstructing an investigation of a federal crime of terrorism, shall be considered to have involved, or to have been intended to promote, that federal crime of terrorism," and warrants the guideline enhancement called for by this section. ***This is precisely the factual situation in subject case. As a result, the §3A1.4(a), enhancement as well as all the other 18 U.S.C. §3553(a) factors support, even demand, that the Court consider the Government's sentencing evidence. Failing to hear evidence that may impact the guideline calculation could, under Williams, be considered unreasonable by the Court of Appeals.*** (Emphasis added)

Pursuant to 18 U.S.C. § 3553(a) Federal Courts are required to consider the following factors prior to imposing sentence:

1. The nature and circumstances of the offense;
2. The history and characteristics of the defendant;
3. The seriousness of the offense, respect for the law, and a just punishment;
4. Adequate deterrence;
5. Protection of the public; and
6. Rehabilitation of the defendant.

As a result of the Supreme Court's remedial holding in *United States v. Booker*, 543 U.S. 220 (2005) the advisory Sentencing Guideline range is now considered a seventh sentencing factor that must be considered. "[W]hile the Guidelines remain important, they are now just one of the numerous factors that a district court must consider when sentencing a defendant." *United States v. McBride*, No. 04-4347, at *5 (6th Cir. Jan. 17, 2006), *See e.g., United States v. Webb*, 403 F.3d 373 (6th Cir. 2005). Calculation of the appropriate guideline sentence is only the first step in sentencing decisions under *Booker*, for the court must also consider the §3553(a) factors before making the ultimate decision. *United States v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005). "In contrast to the sentencing scheme before *Booker* when a sentence outside the mandatory guideline range was permitted only on very limited grounds, there are now more sentencing variables." *See e.g., United States v. Mickelson*, No. 05-2324, –F.3d – (8th Cir. Jan. 6 2006). Framing the issue as one about 'departures' has been rendered obsolete. It is now clear post- *Booker*, what is at stake is the *reasonableness* of the sentence, not the *correctness* of the 'departures' as measured against pre-Booker decisions. *See McBride at *6* quoting *United States v. Johnson*, 427 F.3d 423, 426 (7th Cir. 2005).

Section 1B1.3 of the U.S.S.G. provides for district courts to consider certain relevant conduct under the guise of sentencing accountability. This section allows the court to consider "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant. In addition, in cases of jointly undertaken criminal activity, the court may consider all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."

The burden of proof established in any sentencing evidentiary hearing is a preponderance of the evidence. See §6A1.3, U.S.S.G. Comment, (2004 ed.) ("The Commission believes that use of a preponderance of the evidence standard is appropriate . . . ."); United States v. Stone, __ F.3d __, __, 2005 WL 3501590, at *3 (6th Cir. 2005) ("Booker did not eliminate judicial fact-finding . . . . District courts, in cases such as these, must, therefore, calculate the Guideline range as they would have done prior to Booker, but then sentence defendants by taking into account all of the relevant factors of 18 U.S.C. §3553, as well as the Guidelines range."); United States v. Warwick, No. 04-6265, 149 Fed. Appx. 464, 467 n.1 (6th Cir. Sept. 20, 2005) ("It is true that the Government must prove by a preponderance of the evidence both facts supporting (post-Booker, advisory) sentencing enhancements, and the fact of prior convictions that contribute to the defendant's criminal history score."); United States v. Garcia-Gonon, __ F.3d __, __, 2006 WL 12958, at *4 (8th Cir. 2006) ("Under an advisory Guidelines regime, sentencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence."); United States v. Magellanez, 408 F.3d 672, 685 (10th Cir.), cert. denied, 126 S. Ct. 468 (2005), ("[D]istrict courts are still required to consider Guideline ranges, . . . which are determined through application of the preponderance standard, just as they were before."); United States v. Mares,

5

402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005); ("The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence.").

## DISCUSSION

The United States has formally placed both the Court and defendant on notice of its objections to the Sentencing Guideline calculations and recommendations contained in the Initial PSI dated January 31, 2006 pursuant to Federal Rule of Procedure 32(f). The Court has also placed defendant MOHAMMAD RADWAN on reasonable notice of a possible departure pursuant to § 3A1.4 of the Sentencing Guidelines. As a result, a sentence consisting of a 5 year period of incarceration, a $250,000 fine, a $100 special assessment, and 3 years of supervised release is procedurally and substantively appropriate, warranted and necessary after considering all testimony and evidence presented at the three sentencing hearings as they apply to the mandatory factors set forth under 18 U.S.C. § 3553(a).

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney
s/Dwight K. Keller
DWIGHT K. KELLER (0074533)
Assistant United States Attorney
Attorney for Plaintiff
602 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Dwight.Keller@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Sentencing Memorandum was electronically served upon Shawn Kelly, Esq., at the U.S. Federal Public Defender's Office, 130 W. Second Street, Ste 820, Dayton, Ohio 45402, on June 12th, 2006.

/s/ Dwight K. Keller

DWIGHT K. KELLER
Assistant United States Attorney