# United States District Court
## Southern District of Ohio at Dayton

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>**MOHAMMAD RADWAN OBEID** | **AMENDED JUDGMENT IN**<br>**A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number:   CR 3-05-0149-01-TMR |
| | **Shawn Kelly, Esq.**<br>**Defendant's Attorney** |

## THE DEFENDANT:

[✔]   pleaded guilty to count: <u>One (1) of the Indictment</u> .
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1001(a)(2) | **MAKING A FALSE STATEMENT** | April 6, 2005 | One (1) |

The defendant is sentenced as provided in pages 2 through <u>8</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s)  ___  and is discharged as to such count(s).

[ ]   Count(s) ___ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No.: | **XXX-XX-7534** | |
| | | **7/7/2006** |
| Defendant's Date of Birth: | **XX/XX/1972** | Date of Imposition of Judgment |
| Defendant's USM No.: | **44194-061** | |
| | | **s/ Thomas M. Rose** |
| Defendant's Residence Address:<br>**c/o Montgomery County Jail**<br>**330 W. Second Street**<br>**Dayton, Ohio 45402** | | Signature of Judicial Officer |
| | | **Thomas M. Rose**<br>United States District Judge<br>Name & Title of Judicial Officer |
| Defendant's Mailing Address:<br>**c/o Montgomery County Jail**<br>**330 W. Second Street**<br>**Dayton, Ohio 45402** | | |
| | | **7/10/2006**<br>Date |

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | CR 3-05-0149-01-TMR | Judgment - Page 2 of 8 |
| DEFENDANT: | MOHAMMAD RADWAN OBEID | |

# IMPRISONMENT

**After consideration of all factors pursuant to 18 U.S.C. 3553(a)(1) thru (7), including but not limited to 18 U.S.C. 3553(a)(4) of the United States Sentencing Guidelines as advisory only:**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  Twelve (12) months .

[✔] The court makes the following recommendations to the Bureau of Prisons: **the defendant be accorded all allowable presentence credit for time spent incarcerated for this offense. EXCLUDING time in the custody of ICE prior to November 1, 2005.**

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

Defendant delivered on_____ to _____
at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER: CR 3-05-0149-01-TMR  Judgment - Page 3 of 8
DEFENDANT: MOHAMMAD RADWAN OBEID

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter and shall cooperate in the collection of a DNA sample, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[ ] The above DNA sample condition is not authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000. (Check if applicable.)

[✔] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | CR 3-05-0149-01-TMR | Judgment - Page 4 of 8 |
| DEFENDANT: | MOHAMMAD RADWAN OBEID | |

# SPECIAL CONDITIONS OF SUPERVISION

Once the defendant is deported from the United States, he shall not re-enter illegally and shall obtain express written permission and approval of the Attorney General of the United States as a condition of re-entry.

The defendant's term of supervised release shall be tolled upon his deportation.

In the event the defendant is permitted, at any time in the future, to re-enter the United States, he shall report to the nearest U. S. Probation Office within 72 hours of re-entry into this country, at which time the period of supervised release shall commence.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | CR 3-05-0149-01-TMR | Judgment - Page 5 of 8 |
| DEFENDANT: | MOHAMMAD RADWAN OBEID | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $-0- | $-0- |

[ ] If applicable, restitution amount ordered pursuant to plea agreement .......... $____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [ ] The interest requirement is waived.

   [ ] The interest requirement is modified as follows:

## RESTITUTION

[ ] The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ] The court modifies or waives interest on restitution as follows:

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| | TOTALS: | $ ____ | $____ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: CR 3-05-0149-01-TMR | Judgment - Page 6 of 8 |
| DEFENDANT: MOHAMMAD RADWAN OBEID | |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [✔]    in full immediately; or

B    [ ]    $ _ immediately, balance due (in accordance with C, D, or E); or

C    [ ]    not later than _ ; or

D    [ ]    in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E    [ ]    in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

All criminal monetary penalty payments are to be made to the Clerk's Office, United States District Court, 200 West Second Street, Room 712, Dayton, OH 45402.

[ ]    The defendant shall pay the cost of prosecution.

[ ]    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.

Case #3:05-cr-149-01          Name: *Mohammad Radwan Obeid*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

POLICY CHANGE
8/13/01
RESTRICTING ROUTINE PUBLIC DISCLOSURE OF
THE STATEMENT OF REASONS

**DISTRIBUTION OF JUDGMENT AND COMMITMENTS WITH THE STATEMENT OF REASONS AND DENIAL OF FEDERAL BENEFITS ARE LIMITED TO:**

**DEFENSE COUNSEL
GOVERNMENT ATTORNEYS
FINANCIAL LITIGATION UNITS AUSA
PROBATION AND PRETRIAL SERVICES
IF TERM OF IMPRISONMENT
THE FEDERAL BUREAU OF PRISONS**

THE CLERK'S OFFICE WILL MAINTAIN THE OFFICIAL VERSION OF THE STATEMENT OF REASONS AND DENIAL OF FEDERAL BENEFITS  AND MAKE THOSE DOCUMENTS AVAILABLE TO THE CLERK'S OFFICE FOR APPEALS, OTHER POST-CONVICTION MATTERS, AND ANY OTHER DISCLOSURES AS ORDERED BY THE COURT.

12/4/01 edt

AO 245S (Rev. 3/95)  Sheet 7 - Denial of Federal Benefits

CASE NUMBER:    CR 3-05-0149-01-TMR                              Judgment - Page 8 of 8
DEFENDANT:      MOHAMMAD RADWAN OBEID

# DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed on or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)

IT IS ORDERED that the defendant shall be:

[ ]   ineligible for all federal benefits for a period of _.

[ ]   ineligible for the following federal benefits for a period of _.

   (specify benefit(s))

OR

[ ]   **Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.**

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall be:

[ ]   ineligible for all federal benefits for a period of _.

[ ]   ineligible for the following federal benefits for a period of _.
      (specify benefit(s))

[ ]   successfully completed a drug testing and treatment program.

[ ]   perform community service, as specified in the probation and supervised release portion of this judgment.

[ ]   Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. §862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility.  The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**